USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_03/24/2023_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

UNITED STATES OF AMERICA,                          :
                                                   :
              -against-                             :
                                                   :
CHRISTOPHER PEEPLES, KHALIL BEY-                   :              23-CR-141 (VEC)
MUHAMMAD, GERALD LEE, MALCOLM                      :
REASONOVER, DEMETRIUS TORRY,                        :              ORDER
GILBERT HUERTAS, ANAYDA HUERTAS,                   :
                                                   :
                                Defendants.         :
--------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on March 24, 2023, the parties appeared before the Undersigned for an

arraignment and initial status conference.

       IT IS HEREBY ORDERED that a status conference in this matter will be held on

**Monday, June 26, 2023, at 2:30 P.M.** in Courtroom 443 of the Thurgood Marshall

Courthouse, 40 Foley Square, New York, New York, 10007.  The Defendants who reside

outside of the Southern District of New York are welcome, but are not required, to attend the

conference, which will be only a scheduling conference; defense counsel can orally waive the

presence of any Defendant who chooses not to attend in person.

       IT IS FURTHER ORDERED that Defendants who wish to attend remotely and any

interested members of the public may attend the conference by dialing 1-888-363-4749, using

the access code 3121171, and the security code 0141.  All attendees are advised to mute their

phones when not speaking and to self-identify each time they speak.  Recording or

rebroadcasting the proceeding is strictly prohibited by law.

       IT IS FURTHER ORDERED that time is hereby excluded until **June 26, 2023,** under the

Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the ends of justice served by taking such action

outweigh the best interest of the public and the Defendants in a speedy trial given the need to

provide defense counsel with adequate time to review the voluminous discovery in this matter.

IT IS FURTHER ORDERED that this Order is entered, pursuant to Federal Rule of

Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116–182, 134 Stat. 894

(Oct. 21, 2020), to confirm the Government's disclosure obligations under *Brady* v. *Maryland*,

373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating

those obligations.

The Government must disclose to the defense all information "favorable to an accused"

that is "material either to guilt or to punishment" and that is known to the Government.  *Id.* at 87.

This obligation applies regardless of whether the defendant requests this information or whether

the information would itself constitute admissible evidence.  The Government shall disclose such

information to the defense promptly after its existence becomes known to the Government so

that the defense may make effective use of the information in the preparation of its case.

As part of these obligations, the Government must disclose any information that can be

used to impeach the trial testimony of a Government witness within the meaning of *Giglio v.*

*United States*, 405 U.S. 150 (1972), and its progeny.  Such information must be disclosed

sufficiently in advance of trial in order for the defendant to make effective use of it at trial or at

such other time as the Court may order.[1]

The foregoing obligations are continuing ones and apply to materials that become known

to the Government in the future.  These obligations also apply to information that is otherwise

subject to disclosure regardless of whether the Government credits it.

---

[1]	This Order does not purport to set forth an exhaustive list of the Government's disclosure obligations.

In the event the Government believes that a disclosure under this Order would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of its obligations, which may include in camera review or withholding or subjecting to a protective order all or part of the information otherwise subject to disclosure.[2]

For purposes of this Order, the Government has an affirmative obligation to seek all information subject to disclosure under this Order from all current or former federal, state, and local prosecutors, law enforcement officers, and other officers who have participated in the prosecution, or investigation that led to the prosecution, of the offense or offenses with which the defendant is charged.

If the Government fails to comply with this Order, the Court, in addition to ordering production of the information, may:

(1)  specify the terms and conditions of such production;

(2)  grant a continuance;

(3)  impose evidentiary sanctions;

(4)  impose contempt or other sanctions on any lawyer responsible for violations of the Government's disclosure obligations, or refer the matter to disciplinary authorities;

(5)  dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

enter any other order that is just under the circumstances.


**SO ORDERED.**

**Date:  March 24, 2023**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**

---

[2]  The Classified Information Procedures Act sets forth separate procedures to be followed in the event that the Government believes matters relating to classified information may arise in connection with the prosecution. *See* 18 U.S.C. app. 3 §§ 1 *et seq.*