UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

CHRISTOPHER PEEPLES,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECIFIC
PROPERTY/MONEY JUDGMENT

23 Cr. 141 (VEC)

WHEREAS, on or about March 16, 2023, CHRISTOPHER PEEPLES (the "Defendant"), among others, was charged in a seven-count Indictment, 23 Cr. 141 (VEC) (the "Indictment"), with conspiracy to commit wire fraud and bank fraud, in violation of Title 18, United States Code, Section 1349 (Count One); conspiracy to commit access device fraud, in violation of Title 18, United States Code, Section 1029(b)(2) (Count Two); and multiple counts of aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2 (Count Three through Seven);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment and the following specific property:

      a.    An Audemars Piguet Automatic Watch, Silver with Black Face, serial number 0688H57528, seized during a premises search on or about February 15, 2023;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes proceeds traceable to the offense charged in Count One of the Indictment;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Justin Horton and Jun Xiang, of counsel, and the Defendant and his counsel, Mark DeMarco, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $1,331,555.48 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with Seweid and the Co-defendants, to the extent forfeiture money judgments are entered against the Co-defendants in this case, shall be entered against the Defendant.

www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:    /s/                                         11/1/2024
        JUSTIN HORTON                            DATE
        MATTHEW R. SHAHABIAN
        JUN XIANG
        Assistant United States Attorneys
        26 Federal Plaza
        New York, NY 10278
        (212) 637-2200

CHRISTOPHER PEEPLES

By:    X [signature]                          11/4/24
        CHRISTOPHER PEEPLES        DATE

By:    [signature]                            11/4/24
        MARK DEMARCO                 DATE
        Attorney for Defendant

SO ORDERED:

[signature]                                        11.4.24
HONORABLE VALERIE E. CAPRONI      DATE
UNITED STATES DISTRICT JUDGE